IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA A. GUERRA, | ) CIVIL DIVISION |
| Plaintiff, | ) |
| vs. | ) Case No: 2:11-CV-20-TFM |
| NEW PRIME, INC., and CHRISTOPHER L. COPPOLA, | ) HONORABLE TERRENCE F. MCVERRY |
| Defendants. | ) |

### MOTION TO AMEND THE AD DAMNUM CLAUSE OF PLAINTIFF'S AMENDED COMPLAINT

AND NOW, comes the plaintiff, ALICIA A. GUERRA, by and through her attorneys, EDGAR SNYDER & ASSOCIATES, LLC and CYNTHIA M. DANEL and KENNETH J. NOLAN, and files the following Motion to Amend the Ad Damnum Clause of Plaintiff's Amended Complaint and in support thereof avers the following:

1. This lawsuit arises out of serious injuries sustained by Plaintiff in a motor vehicle accident that occurred on March 11, 2009 when a tractor-trailer operated by Christopher L. Coppola, an employee of Defendant New Prime, Inc., rear ended Plaintiff's vehicle on Interstate 70 in Westmoreland County, Pennsylvania.

2. This lawsuit was initially filed in Westmoreland County but was removed to this Court by Defendants.

3. An Amended Complaint was thereafter filed in the United States District Court for the Western District of Pennsylvania in January, 2011.

#1342980

4. In her Amended Complaint, Plaintiff alleged that the accident was a direct and proximate result of the negligence, carelessness and recklessness of Defendant Christopher L. Coppola, who while operating a tractor-trailer under the DOT authority of New Prime, Inc., and acting under the direction and control of New Prime, Inc., failed to keep a proper lookout for traffic, including Plaintiff, who had stopped in traffic on the roadway; failed to observe conditions of the roadway; failed to observe stopped vehicles on the road; failed to drive the tractor-trailer at a safe and appropriate speed when approaching vehicles that were stopped for traffic on the roadway; and in traveling at an excessive rate of speed under the circumstances then and there existing. See paragraph 10 and various subparagraphs thereto of the Amended Complaint.

5. It has been confirmed during discovery that Defendant Coppola observed a Pennsylvania State Police Trooper's vehicle with the activated emergency lighting positioned on the berm of the road at an area shortly before the point where Defendants' tractor-trailer rear ended Plaintiff's Mitsubishi vehicle, causing her vehicle to be propelled about 150 feet down the road.

6. The only documented evidence of Defendant driver's speed is 55 miles per hour. See Exhibit "A", which is a communication from the driver or co-driver of the truck to New Prime, Inc. of a speed of 55 miles per hour just before the impact.

7. Notwithstanding the known presence of a police car with its emergency light bar activated while positioned in the berm, and further, notwithstanding Mr. Coppola's observation of "flashing lights" as he was passing the police car (Coppola Deposition p. 80), the only documentary evidence produced by Defendants pertaining to Mr. Coppola's speed as he rear ended Plaintiff was 55 m.p.h.

8. Mr. Coppola's operation of a tractor-trailer at an excessive speed after receiving clear warning of a dangerous or potentially dangerous condition ahead constitutes a conscious disregard to

#1342980

known risks. *See Burke v. Transam Trucking, Inc.*, 605 F. Supp. 2d 647 (M.D. Pa. 2009) and *Gregory v. K.A.M. Trucking, Inc.*, 2006 U.S. Dist. LEXIS 97291 (M.D. Pa. 2006).

9. Plaintiff has also alleged that the accident was the direct and proximate result of the negligence, carelessness and recklessness of Defendant New Prime, Inc. in that it failed to properly train, monitor and supervise its driver, Christopher L. Coppola and in entering into an agreement with Mr. Coppola to operate the tractor-trailer unit despite the fact that New Prime, Inc. knew or should have known that Christopher L. Coppola was not properly qualified and/or trained to operate said vehicle.

10. During discovery, it was determined that on December 1, 2008, nearly three and one half months prior to the subject accident, a report was communicated to New Prime by a designated trainer, Mandy Strong, that driver Defendant Coppola "is struggling to grasp good driving habits. Also stated he is very immature and doesnt [sic] listen to instruction. We'll be bringing into [Springfield, Missouri] for counseling session to address these issues." Attached hereto as Exhibit "B" is a true and correct copy of the incident description regarding the observations by Coppola's trainer and the statement that Coppola would be provided counseling to address the concerns raised by New Prime's appointed trainer.

11. On February 17, 2012, Plaintiff's counsel deposed Don Lacy, the Safety Director of New Prime, Inc. Mr. Lacy confirmed that between December 1, 2008 when New Prime was notified of Mr. Coppola's difficulties with grasping good driving habits and failure to listen to instruction, and the accident date of March 11, 2009, there were no counseling sessions or any other training provided to Defendant Coppola to address the serious issues set forth in Exhibit B.

12. Plaintiff asserts that Defendant New Prime acted in reckless disregard of the rights of others in permitting Mr. Coppola to operate a tractor-trailer with knowledge that New Prime's trainer

#1342980

found Mr. Coppola to be deficient with respect to good driving habits yet failed to provide counseling, training or otherwise take the appropriate measures before permitting a 22 year old driver to operate a tractor-trailer on the roads, thereby placing other motorists in peril.

13. Plaintiff wishes to add to the Ad Damnum Clause her claim for punitive damages.

14. The right to punitive damages is a mere incident to a cause of action, an element which the jury may consider in making its determination and not the subject of an action in itself. *See Dailey v. John Wanamaker, Inc.*, 317 Pa. Super 348, 464 A.2d 355 (1983).

15. The addition of the request for punitive damages in the Ad Damnum Clause is a mere amplification of the allegations of recklessness set forth in Plaintiff's Amended Complaint.

16. In order to impose punitive damages, the wrongful conduct must be outrageous. Conduct is outrageous when it is malicious, wanton, reckless, willful, or oppressive. *Trotman v. Mecchella*, 421 Pa. Super 620, 618 A.2d 982 (1992). Such conduct much show the actor's evil motive or reckless indifference to the rights of others. Trotman, *supra*.

17. Evidence of Defendant driver's conduct in not properly slowing the tractor and trailer when there was a police vehicle with emergency lighting on the berm of the road and not properly stopping the vehicle before coming into contact with a stopped vehicle on the roadway constitutes reckless indifference to the rights of others that warrants the imposition of punitive damages.

18. Notwithstanding knowledge that a trainer had furnished information nearly three and one half months before the subject accident that driver Coppola was struggling to grasp good driving habits, was not listening to instruction and was being immature, New Prime, Inc. took no steps to counsel Mr. Coppola in the intervening three and a half month period nor provide him with specialized training in order to assist in grasping good driving habits. In fact, New Prime ignored its

own recommendation that Mr. Coppola be provided counseling once it learned of the designated trainer's observation of dangerous driving habits.

19. Plaintiff has previously alleged recklessness on the part of Defendants and is not requesting an amendment of any of the factual elements set forth in the Amended Complaint, but is merely requesting that the Ad Damnum Clause be amended to reflect a request for punitive damages.

WHEREFORE, it is respectfully requested that Plaintiff be permitted to add a request for punitive damages to the Ad Damnum Clause which, if allowed, will read as follows "Wherefore, the Plaintiff, Alicia A. Guerra, demands judgment against the defendants Christopher L. Coppola and New Prime, Inc., in an amount in excess of $75,000.00 and punitive damages."

**JURY TRIAL DEMANDED**

Respectfully submitted,

EDGAR SNYDER & ASSOCIATES, LLC

By  /s/ Kenneth J. Nolan
Cynthia M. Danel, Esquire (Pa. I.D. No. 34527)
Kenneth J. Nolan, Esquire (Pa. I.D. No. 32422)
US Steel Tower, Tenth Floor
600 Grant Street
Pittsburgh, PA  15219
(412) 394-4451 (phone) (412) 391-2180 (fax)
knolan@edgarsnyder.com
Attorneys for Plaintiff, Alicia Guerra

#1342980

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within MOTION TO AMEND THE AD DAMNUM CLAUSE OF PLAINTIFF'S AMENDED COMPLAINT was served on Counsel listed below by U.S. First Class Mail, postage prepaid, on this ___6th___ day of March, 2012:

> James S. Girman, Esquire
> PION JOHNSTON
> 1500 One Gateway Center
> Pittsburgh, PA  15222

EDGAR SNYDER & ASSOCIATES, LLC

By: _____
Kenneth J. Nolan, Esquire
Attorneys for Plaintiff

#1342980