# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA A. GUERRA, | CIVIL ACTION NO. |
| Plaintiff, | 2:11-CV-00020 |
| v. | |
| NEW PRIME, INC., and CHRISTOPHER L. COPPOLA, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court are the following:

(1) Plaintiff's MOTION TO AMEND THE AD DAMNUM CLAUSE OF PLAINTIFF'S AMENDED COMPLAINT (Doc. No. 24); and

(2) Defendants' MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. No. 26). The motions are fully briefed (Doc. Nos. 25, 27, 33, 34); and the parties have developed their respective positions by submitting concise statements of material fact and numerous exhibits (Doc. Nos. 28, 29, 32). The motions are ripe for disposition.

## FACTUAL AND PROCEDURAL BACKGROUND

On the night of March 11, 2009 a tractor trailer, operated and driven by Defendant Christopher L. Coppola ("Coppola"), an employee of Defendant New Prime, Inc. ("New Prime"), collided with the rear end of a vehicle being operated by Plaintiff Alicia A. Guerra ("Plaintiff"), on Interstate 70 in Westmoreland County, Pennsylvania. Plaintiff alleges that she sustained various serious injuries as a result of the accident.

On December 8, 2010 Plaintiff initiated this lawsuit by filing a complaint in the Court of Common Pleas of Westmoreland County, Pennsylvania. Coppola and New Prime (collectively

"Defendants"), removed the case to this Court in January 2011. Subsequently, Plaintiff filed an Amended Complaint in Civil Action. (Doc No. 9). The Amended Complaint alleges that the accident was a direct and proximate result of the negligence, carelessness, and recklessness of Coppola, who at the time of the accident was acting within the course and scope of his employment by New Prime.

On March 6, 2012, Plaintiff filed a Motion to Amend the Ad Damnum Clause of her Amended Complaint to include a request for punitive damages. Plaintiff alleges that discovery has revealed evidence which shows that Defendants acted with a conscious disregard of the rights of Plaintiff, and that such action warrants the imposition of punitive damages. Defendants oppose Plaintiff's motion and argue that the Amended Complaint does not contain sufficient facts to support a claim for punitive damages and that the evidence Plaintiff obtained through discovery does not warrant the imposition of punitive damages.

On April 4, 2012, Defendants filed a Motion for Partial Summary Judgment in which they request the Court to: (a) grant summary judgment to both Defendants on Plaintiff's claims for punitive damages; and (b) grant summary judgment to Defendant New Prime on Plaintiff's claims for negligent hiring, retention, monitoring, training, and supervision.

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure state that a party may amend its pleading by motion to the Court, and that the Court should freely grant such motions "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, it is within the district court's discretion to grant or deny a motion to amend, and a court could justify denial of a motion to amend on grounds of undue delay, bad faith, dilatory motive, prejudice, or futility. *Id.* "In inquiring as to when [an] amendment would be futile, the Court applies the same standard used in a motion to dismiss under Rule 12(b)(6) for

failure to state a claim upon which relief may be granted." *Schneider v. Arc of Montgomery Cnty.*, 497 F.Supp.2d 651, 659 (E.D. Pa. 2007). In other words, the court must examine the record to determine whether the record supports the amendment being requested.

In Pennsylvania, the ad damnum clause of a complaint may be amended to include a claim for punitive damages, provided that the complaint demonstrates a basis for such damages. *Dept. of Transp. v. Pennsylvania Industries for the Blind and Handicapped*, 886 A.2d 706, 715 (Pa. Commw. Ct. 2005). Such an amendment is allowed because "[t]he right to punitive damages is a mere incident to a cause of action – an element which the jury may consider in making its determination – and not the subject of an action in itself." *Daley v. John Wanamaker, Inc.*, 317 Pa. Super. 348, 360 (1985) (quoting *Hilbert v. Roth*, 395 Pa. 270, 276 (1959)).

Similarly, under Rule 56(c) of the Federal Rules of Civil Procedure, the Court must examine the record to determine whether summary judgment should be granted or denied. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Levendos v. Stern Entertainment Inc.*, 860 F.2d 1227, 1233 (3d Cir. 1988). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could render a verdict in favor of the nonmoving party. *Anderson*, 477 U.S. at 257; *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Furthermore, "[i]n determining whether a genuine issue of fact exists, a court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party." *Burke v. TransAm Trucking, Inc.*, 605

F.Supp.2d 647, 650 (M.D. Pa. 2009) (citing *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004)).

**DISCUSSION**

Jurisdiction of this Court in the case at bar is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). The underlying claims are based on Pennsylvania law; therefore, Pennsylvania substantive law will determine whether punitive damages will be permitted in this case. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Burke*, 605 F.Supp.2d at 651, n. 2 (M.D. Pa. 2009).

*A. General Principles Regarding Claims For Punitive Damages*

In *Hutchinson v. Luddy*, the Pennsylvania Supreme Court explained the standard for an award of punitive damages:

> The standard governing the award of punitive damages in Pennsylvania is settled. Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton, or reckless conduct. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or other[s] like him from similar conduct. Additionally, this Court has stressed that, when assessing the propriety of the imposition of punitive damages, [t]he state of mind of the actor is vital. The act, or failure to act, must be intentional, reckless or malicious.
>
> ….
>
> Thus, in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk.

*Hutchinson v. Luddy*, 582 Pa. 114, 121-122, 124 (Pa. 2005) (internal citations omitted) (internal quotations omitted).

The Court will apply this standard to determine whether Plaintiff's claims for punitive

4

damages will survive summary judgment. The Court will address Plaintiff's claims for punitive damages against Defendant Coppola and Defendant New Prime seriatim.

*I. Plaintiff's Punitive Damages Claim Against Defendant Coppola*

Under Pennsylvania law, drivers have a duty to operate their vehicles at a reasonable speed:[1]

> Pennsylvania law provides that [n]o person shall drive a vehicle at a speed greater than is *reasonable and prudent under the conditions having regard to the actual and potential hazards then existing*, nor at a speed greater than will permit the driver to bring his [or her] vehicle to a stop within the assured clear distance ahead. In *Lockhart v. List*, the Pennsylvania Supreme Court explained that the assured clear distance ahead rule simply requires a driver to control the speed of his or her vehicle so that he or she will be able to stop within the distance of *whatever may reasonably be expected to be within the driver's path*.

*Keifer v. Reinhart Foodservices, LLC*, 2012 WL 368047 at *12 (W.D. Pa., Feb. 1, 2012) (emphasis added) (internal citations and quotations omitted).

While a violation of this duty may be enough to establish a negligence claim, the imposition of punitive damages requires more. "Punitive damages are not available in cases involving simple negligence, but are available when the actor knows, or has reason to know … of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk." *Logue v. Logano Trucking Co.*, 921 F.Supp. 1425, 1427 (E.D. Pa. 1996) (internal citations and quotations omitted).

Accordingly, Plaintiff must demonstrate that, under the circumstances, Coppola knew, or had reason to know, that travelling at an excessive speed created a high degree of risk to Plaintiff and other drivers, and that he continued to do so in deliberate disregard or indifference to that risk. In other words, to impose punitive damages against a driver of a tractor-trailer, "[t]he state

---

[1] The statutory standard referenced is codified at 75 PA. CONS. STAT. § 3361 (1977).

5

of mind of the actor [driver] is vital." *Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1984).

Determination of an actor's state of mind is generally not resolved on summary judgment. "Since a culpable state of mind is required for an award of punitive damages, evidence of the defendant's knowledge or intention is highly relevant." *Hutchinson v. Penske Truck Leasing Co.*, 876 A.2d 978, 984 (Pa. Super. 2005). "In deciding a motion for summary judgment, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The United States Court of Appeals for the Third Circuit has explained that "a court should be reluctant grant a motion for summary judgment when resolution of the dispositive issue requires a determination of state of mind, for in such cases "much depends upon the credibility of witnesses testifying as to their own states of mind, and assessing credibility is a delicate matter best left to the fact finder."" *Metzger v. Osbeck*, 841 F.2d 518, 521 (3d Cir. 1988) (citing *Watts v. Univ. of Delaware*, 622 F.2d 47, 52 (3d Cir. 1980); accord *Diprinzio v. MBNA America Bank, N.A.*, 2005 WL 2039175 at *8 (E.D. Pa., Aug. 24, 2005). There are several cases in which district courts applying Pennsylvania law have found that punitive damages claims against the driver of a tractor trailer must be presented to a jury.

In *Logue v. Logano Trucking Co.*, the court found that it was fair to infer from plaintiff's allegations that the defendant driver created a high degree of risk, and that his actions were in deliberate disregard or indifference to that risk to other drivers, when he operated an overloaded tractor trailer truck with improperly adjusted brakes at an excessive, unreasonable and imprudent rate of speed so that the truck was unable to stop for a red light, resulting in injuries to the plaintiff. *Logue*, 921 F.Supp. at 1427. The Court concluded that, based on these allegations, a jury could find that the defendant driver "knowingly took a dangerous vehicle onto a public

6

highway and then operated that vehicle in a dangerous manner." *Id*. at 1427-28.

Courts have also held that an experienced driver of a tractor trailer could be found to have consciously appreciated the risk he created by travelling at an excessive speed while approaching a "blind" curve. *Burke v. TransAm Trucking, Inc.*, 605 F.Supp.2d 647 (M.D. Pa. 2009). The court in *Burke* concluded that, based on the defendant tractor trailer driver's "experience and training, a jury could find that he consciously appreciated the risk of harm that could result by travelling twenty miles an hour over the speed limit in a tractor trailer while approaching a "blind" curve." *Id*. at 655.

In *Sabo v. Suarez*, 2009 WL 2365969 (M.D. Pa., July 31, 2009), the court noted that poor visibility, the presence of various warning signs on the road, and driving in unfamiliar territory presented a situation where the defendant tractor trailer driver appreciated the risk he created by driving at an excessive speed. The Court reasoned that "a driver with the type of experience [defendant] Suarez undisputedly had should have recognized the risk of driving his tractor trailer in densely foggy, wet conditions through an unfamiliar territory." *Id*. at *3. Despite defendant's claims that he was driving cautiously, the Court ultimately concluded that defendant "certainly could have been more cautious, in which case no accident would have occurred." *Id*.

*Gregory v. Sewell,* 2006 WL 2707405 (M.D. Pa., Sept. 19, 2006), involved a claim for punitive damages against a driver of a tractor trailer under facts similar to this case. The accident occurred at night; during hazardous weather conditions; and immediately after defendant driver had passed a prior accident scene. On the issue of whether defendant driver's conduct met the threshold necessary to impose punitive damages, the Court found that "a genuine issue of material fact remains as to whether Defendant Sewell was speeding excessively in light of the road conditions and whether dangerous road conditions existed that ought to have alerted

7

Defendant Sewell to the risk of driving as he was." *Id*. at *5.

Construing the facts of this case in the light most favorable to Plaintiff, Coppola was driving a tractor trailer which he knew would take longer to bring to a stop, saw emergency lights from an accident up ahead, and continued to travel at an excessive speed, ultimately colliding with Plaintiff's vehicle. As shown in the cases above, this subjective knowledge of upcoming road conditions, combined with travelling at an excessive speed, satisfies the requirements for the imposition of punitive damages. The parties dispute the speed at which Coppola was travelling, and whether Coppola made any attempt to brake or slow down immediately prior to the accident. Both of these disputed facts go to the heart of whether Coppola was indifferent to, or consciously disregarded, the risk of harm that could result from his conduct.

A reasonable jury could find that Coppola had a subjective appreciation of the risk to which Plaintiff was exposed, and acted in conscious disregard of the risks his conduct created. Accordingly, summary judgment will be DENIED as to Coppola.

*II. Plaintiff's Punitive Damages Claim Against Defendant New Prime*

Plaintiff may assert a direct claim for punitive damages against the trucking company if the evidence demonstrates that Defendant New Prime possessed (1) a subjective appreciation of the risk of harm to which Plaintiff was exposed and that (2) it acted, or failed to act, as the case may be, in conscious disregard of that risk. *Hutchinson*, 582 Pa. at 124 (Pa. 2005).[2]

Viewed in the light most favorable to Plaintiff, the record supports a punitive damages

---

[2] In addition, New Prime may be found liable for punitive damages by way of vicarious liability for the actions of Defendant Coppola. *Shiner v. Moriarty*, 706 A.2d 1228, 1240 (Pa. Super. 1998). Defendant New Prime has admitted that Coppola was acting in the course and scope of his employment with New Prime at the time of the accident. (Doc. No. 27 at 10). When dealing with claims against an employer and employee, "vicarious imposition of punitive damages are not to be judged under a higher standard that the already high standard of conduct reserved for direct punitive damages claims." *Gregory v. Sewell*, 2006 WL 2707405 (M.D. Pa., Sept. 19, 2006).

claim against New Prime, as New Prime was aware of a report made by Mandy Strong, who was designated as Coppola's trainer and rode with Coppola until three months before the accident at issue. On December 1, 2008, just over three months before the accident, Mandy Strong submitted a report to New Prime which detailed Coppola's problems with his driving habits. Specifically, the report noted that Coppola was immature, had difficulty grasping safe driving habits, and did not take instructions well. Thus, New Prime clearly had a subjective appreciation of the risk of harm to which Plaintiff (and other motorists) were exposed by permitting Coppola to operate a tractor trailer.

A reasonable jury could also conclude that New Prime was deliberately indifferent to this risk. New Prime disregarded Mandy Strong's report; did not notify Coppola of the report's findings; and ultimately terminated Mandy Strong, citing that she was critical of all of her trainees. The subsequent trainer assigned by New Prime to Coppola provided training regarding how to back into dock doors to pick up loads, sign for bills, deal with customers, and deal with the shippers and receivers; but did not provide training, monitoring, or supervision of Coppola with regard to safe driving habits. Instead, the trainer slept, or was in the sleeping berth, while Coppola was driving. Based on these facts, a jury could conclude that the "trainer" assigned to Coppola was an inadequate response to the risk he presented to Plaintiff by being allowed to continue driving for New Prime.

There are several cases in which District Courts applying Pennsylvania law have found that punitive damages claims must be presented to a jury where, considering the surrounding circumstances, the trucking company created a high degree of risk to other travelers, and it could be inferred that the defendant trucking company appreciated the risk inherent in entrusting a person to continue to operate a tractor trailer for said company, and the defendant trucking

9

company's actions were recklessly indifferent to the public's safety.

In *Burke v. TransAm Trucking, Inc.*, 605 F.Supp.2d 647, 656 (M.D. Pa., 2009), the court denied Defendant's motion for summary judgment on the issue of punitive damages, finding that "Defendant TransAm's subjective appreciation of the risk of harm may be evidenced by knowledge attributable to the corporation of the risk attendant when tractor-trailer drivers operate in violation of hours of service regulations, falsify logs, and continually drive over the speed limit." The court concluded that "Plaintiffs' assertion that Defendant TransAm engaged in a pattern and course of conduct of permitting Defendant Wirfel [driver] to drive over his hours of service and continue to violate speeding regulations may demonstrate a conscious disregard of the risk of harm." *Id*.

Similarly, the court in *Sabo v. Suarez*, 2009 WL 2365969 at *5 (M.D. Pa., July 31, 2009), allowed a punitive damages claim to proceed against the defendant trucking company stating that "enough information exists that Defendant BTI may have been aware the Defedant Suarez was not suitable to operate a tractor-trailer." The court came to its conclusion on the basis that the court had "allowed punitive damages claims to proceed against Defendant trucking companies who allowed a driver to operate a tractor-trailer despite their awareness of a driving record filled with speeding, driving over hours and log falsification." *Id*. (internal quotations omitted).

The court in *Gregory v. Sewell*, 2006 WL 2707405 at *13 (M.D. Pa., Sept. 19, 2006), held that the defendant trucking company could not be held directly liable for punitive damages. However, the court stated: "Had defendant K.A.M. Trucking had reason to believe that defendant Sewell was a reckless or dangerous driver whose conduct created a risk of harm to others, it might be found liable for punitive damages."

Similar to the defendant trucking companies in *Burke* and *Sabo*, New Prime had

knowledge of Coppola's alleged bad driving habits, as evidenced by Mandy Strong's report. Accordingly, a reasonable jury could find that Defendant New Prime had a subjective appreciation of the risk of permitting Defendant Coppola to drive, that it consciously disregarded or was indifferent to that risk, and that such conduct was so outrageous as to warrant an award of punitive damages. Therefore, summary judgment will be DENIED as to New Prime.

*B. Plaintiff's Claims of Negligent Hiring, Retention, Monitoring, Training or Supervision Against Defendant New Prime.*

The Court now turns to Defendant's argument that Plaintiff's claims for negligent hiring, retention, monitoring, training or supervision should be dismissed. (Doc. No. 27 at 3). Defendant contends that these claims are immaterial, redundant, and prejudicial; and, in the alternative, that Defendant is entitled to summary judgment because there is no evidence or facts of record that would support such claims. (Doc. No. 27 at 12-13, Doc. No. 34 at 10-12).

"An employer's vicarious liability for the negligent conduct of its employee does not preclude an injured party from asserting a companion claim for negligent entrustment." *Keifer v. Reinhart Foodservices, LLC*, 2012 WL 368047 (W.D. Pa., Feb. 1, 2012). To establish a negligence claim, the plaintiff must show that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff and the plaintiff suffered an actual loss or damage. *Martin v. Evans*, 551 Pa. 496, 502 (1998). "It has long been the law in this Commonwealth [Pennsylvania] that an employer may be liable in negligence if it knew or should have known that an employee was dangerous, careless or incompetent and such employment might create a situation where the employee's conduct would harm a third person." *Brezenski v. World Truck Transfer, Inc.*, 775 A.2d 36, 39-40 (Pa. Super. 2000) (citing *Dempsey v. Walso Bureau, Inc.*, 431 Pa. 562 (1968)).

11

"As a general rule, courts have dismissed claims for negligent supervision and negligent hiring when a supervisor defendant concedes an agency relationship with the codefendant ... The courts have recognized an exception to this rule when a plaintiff has made punitive damages claims against the supervisor defendant." *Allen v. Fletcher*, 2009 WL 1542767 at *4 (M.D. Pa., June 2, 2009) (quoting *Fortunado v. May*, 2009 WL 703393 (W.D. Pa., Mar. 16, 2009)). "An employer owes a duty to exercise reasonable care in selecting, supervising, and controlling employees." *Doe v. Liberatore*, 478 F.Supp.2d 742, 760 (M.D. Pa., 2007). (quoting *R.A. ex rel. N.A. v. First Church of Christ*, 748 A.2d 692, 697 (Pa. Super. 2000) (internal quotations omitted)). The Pennsylvania Supreme Court expanded upon this statement, holding that "[t]o fasten liability to an employer[,] … it must be shown that the employer knew or, in the exercise of ordinary care, should have known of the necessity for exercising control of his employee." *Doe*, 478 F.Supp.2d at 760 (quoting *Dempsey v. Walso Bureau, Inc.*, 431 Pa. 562, 570 (1968)).

As discussed above, the record supports Plaintiff's claims for punitive damages against Defendant New Prime. For the same reasons, the evidence is sufficient to support the less stringent standard for negligence. Accordingly, Plaintiff's claim for negligent hiring, retention, monitoring, training or supervision will not be dismissed.

*C. Conclusion*.

For these reasons, the Court will: (1) grant Plaintiff's motion to amend the ad damnum clause of Plaintiff's amended complaint to assert a claim for punitive damages; (2) deny Defendant's motion for summary judgment regarding Plaintiff's claims for punitive damages against Defendant Coppola and Defendant New Prime; and (3) deny Defendant's motion for summary judgment regarding Plaintiff's claim for negligent hiring, retention, monitoring, training or supervision against Defendant New Prime.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALICIA A. GUERRA, | ) | CIVIL ACTION NO. |
|---|---|---|
| Plaintiff, | ) ) ) | 2:11-CV-00020 |
| v. | ) ) | |
| NEW PRIME, INC., and CHRISTOPHER L. COPPOLA, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER OF COURT

**AND NOW,** this 20th day of July, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

1. Plaintiff's MOTION TO AMEND THE AD DAMNUM CLAUSE OF PLAINTIFF'S AMENDED COMPLAINT (Doc. No. 24) is **GRANTED**;

2. Defendants' MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. No. 26) is **DENIED**.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Cynthia M. Daniel, Esquire
Email: cdanel@edgarsnyder.com

Kenneth J. Nolan, Esquire
Email: knolan@edgarsnyder.com

James M. Girman, Esquire
Email: jgirman@pionjohnston.com

John T. Pion, Esquire
Email: jpion@pionjohnston.com